The Law Office of<br>
**THOMAS O. BONDURANT, JR., P.C.**<br>
Attorney at Law<br>
3600 Douglasdale Road<br>
Richmond, Virginia 23221-3801<br>
Phone (804) 278-8900<br>
FAX (804) 278-8783

January 18, 2011

Clerk of Court, United States District Court
Eastern District of Virginia
701 East Broad Street, Suite 3000
Richmond, Virginia 23119     HAND DELIVERED

    Re:   United States of America v. Darlene Whitehead Stuart
            Criminal No. 3:10cr265

Dear Clerk of Court:

    Enclosed please find the Defendant's Position on Sentencing regarding the above captioned case to be filed among the Court records. Please let me hear from you if you have any questions.

                                  Kindest regards,

                                  Thomas O. Bondurant, Jr.

TOBjr/cca
enclosure
cc:    Michael C. Moore
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA,

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:10cr265<br>Judge Spencer |
| v. | |
| DARLENE WHITESIDE STUART, | |
| Defendant. | |

## DEFENDANT'S POSITION ON SENTENCING

COMES NOW the Defendant, Darlene Whiteside Stuart, by Counsel, pursuant to the sentencing Order filed in this case and states the following as her position on sentencing, set for January 24, 2011, at 9:00 a.m. Ms. Stuart appears before this Court for sentencing after pleading guilty to bank fraud and aggravated identity theft.

### I. Application of sentencing factors under 18 U.S.C. §3553(a)

When imposing a sentence, a district court must consider all of the factors set forth in 18 U.S.C. §3553(a), and shall impose a sentence sufficient, but not greater than necessary, to satisfy those factors. The Supreme Court, in *Gall v. United States,* 128 S. Ct. 586 (2007), and in *Kimbrough v. United States,* 128 S. Ct. 558 (2007), established that the Sentencing Guidelines are simply an advisory tool to be considered alongside the other statutory considerations spelled out in 18 U.S.C. § 1335(a). In two recent summary reversals, moreover, the Supreme Court explicitly stated that the Guidelines cannot be substituted for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors spelled out in 18 U.S.C. § 1335(a). *Nelson v. United States*, 129 S. Ct. 890 (2009) (per curiam);

*Spears v. United States,* 129 S. Ct. 840 (2009) (per curiam).

Although sentencing courts must continue to *consider* the Sentencing Guidelines, Congress has *required* federal courts to impose the least amount of imprisonment necessary to account for the considerations and accomplish the sentencing purposes set forth in 18 U.S.C. § 1335(a). These include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory Sentencing Guidelines range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offence, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with the needed educational or vocational training, medical care, or other correctional treatment. *See 18 U.S.C. § 3553(a); see also Kimbrough* 128 S. Ct. At 570.

The primary directive of § 3553(a) is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. A sentencing court must, therefore, impose the minimally sufficient sentence that accomplishes the statutory purposes of sentencing.

A.  **The Nature of the Offense and the History and Characteristics of the Defendant**

Mr. Michael C. Moore, Assistant United States Attorney correctly states that the aggravated identity theft carries a two-year mandatory sentence. He is also correct in that the bank fraud carries 12-18 months. Mr. Moore also indicates that due to the history of the defendant i.e. being involved in an automobile accident and becoming addicted as a result of that accident to pain medication, these offenses were committed. Unfortunately, without blaming anyone, as the defendant takes full responsibility for her actions, the medical profession did let her down in that it supplied this medication too frequently to her.

At such time as the medical profession did realize the error of its ways, it was too late for Darlene Stuart as she began to exercise her street purchasing abilities from a physician in the Tidewater area. that is now under Federal investigation. She continued her use of the pain killing medication and used the funds, which is the subject of this criminal action, to purchase said medication.

Therefore, the suggestion in Mr. Moore's sentencing position of the government that she would qualify for drug rehabilitation in the Federal penal system is accurate. Additionally, the six-month home incarceration is what this Counsel and this defendant ask this Court to give serious consideration. It would be the hope of the defendant that this Honorable Court sentence her to the mandatory two-years with drug treatment to have her released at the end of her completion of the two-year mandatory sentence to home incarceration and monitoring by the probation department with restitution. The Government's position as to barring her from any employment where she would be intrusted with funds is without objection by the defendant.

## Conclusion

For the reasons stated above Darlene Whiteside Stuart respectfully requests this Court for an active sentence of only 24 months with any remaining sentence to include 6 months to be served on home or community confinement with supervision.

Date: January 18, 2011                     Respectfully submitted,

                                           Thomas O. Bondurant, Jr.

                                           By: _____
                                                   Counsel

## CERTIFICATE OF SERVICE

I certify that on January 18, 2011, I hand delivered a copy of the foregoing with the Clerk of Court. I also mailed copies of this pleading to the following individual.

Michael C. Moore
Assistant United States Attorney
Attorney for the United States
600 East Main Street, Suite 1800
Richmond, VA 23219-2447
Phone: (804) 819-5400

Thomas O. Bondurant, Jr.
3600 Douglasdale Road
Richmond, VA 23221
Phone (804) 278-8900
Telefax (804) 278-8783